# SUTTON *v.* WENTWORTH.

---

PATENTS; INTERFERENCE; PRIORITY; RES JUDICATA.

A judgment from which no appeal was taken, awarding priority to one party in interference proceedings, upon the ground that the other had no right to make the claim in issue, is *res judicata* upon the question of priority as between the applications, and therefore bars a further interference between the parties upon an issue which covers the common patentable subject-matter, and which was substantially suggested as being patentable by the Examiners in Chief in rendering judgment of priority in the first interference. (Citing *Blackford* v. *Wilder*, 28 App. D. C. 535; *Horine* v. *Wende*, 29 App. D. C. 415; *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464, and *Carroll* v. *Hallwood*, 31 App. D. C. 165.)

Patent Appeal No. 892. Submitted January 19, 1914. Decided March 2, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding having the following issue:

The method of separating differentiated particles of comminuted material, which consists in passing them through an electro-static field in contact with an electrode surface, directing upon a part of the electrode surface a diffused spray discharge, and shielding another part of said surface by intercepting a portion of the effective spray discharge to allow a separation of the differentiated particles in accordance with the nature of their differentiations.

The case turns upon the effect of a former decision in an interference between the same parties. An earlier interference

between the same parties had an issue in the counts of which the following is representative:

1. The method of separating particles of comminuted material differentiated as to electrical conductivity, which consists in directing a spray discharge of electricity of one sign to a surface charged oppositely, converting a portion of the spray discharge into static charge, meanwhile conducting the mixed particles in contact with the surface first through the spray-affected region thereon, and thence into the region affected by static stress solely and thereafter separately collecting the separated materials.

Both parties admitted that this issue was anticipated by the prior art, and the interference was dissolved. After this dissolution a claim corresponding to the issue in the second interference was suggested from Wentworth's application to Sutton and the Steeles, which they declined to make, but made three claims of somewhat broader scope.

The claim was again suggested and they amended, adopting the suggestion. The second interference was then declared with that claim as the issue. It reads as follows:

"The method of separating particles of comminuted material differentiated as to electrical conductivity, which consists in passing them through an electro-static field in contact with an electrode surface, opposing the repellant effort of part of the electrode surface by directing thereon a diffused spray discharge, and shielding another part of said surface by intercepting a portion of the effective spray discharge, thus allowing the repelling effort on the shielded part of the surface to set free the more conductive particles, and thereafter separately collecting the differentiated components of the material."

The date of conception alleged in Wentworth's preliminary statement was subsequent to Sutton, Steele, and Steele's filing date, and he was notified that judgment of priority would be rendered against him on the record unless good cause be shown why the same should not be done. Wentworth moved to dissolve on several grounds, one of which was that Sutton and Steele had no right to make the claim. The motion was denied, but

the question was raised on the hearing before the Examiner of Interferences, who decided priority in favor of Wentworth on the ground that his opponents had no right to make the claim. Sutton and Steele appealed to the Examiners in Chief, who affirmed the decision. As permitted by rule 126, they added to their decision a recommendation to the Commissioner to the effect that the claim of the issue was not patentable in view of the prior art. They recommended a claim in different words as a proper patentable one. On Wentworth's application they granted a rehearing, and decided that the recommended claim could not properly be made by Sutton and Steele, and that it did not define a patentable invention. They withdrew the recommended claim, and substituted another, which is the same substantially with the issue in this, the third, interference, that was subsequently declared. Sutton and Steele presented no claim corresponding to the suggestion and took no appeal to the Commissioner.

The Commissioner referred the recommendation of the Examiners in Chief to the Primary Examiner for action thereon. He also made a brief statement of their proceedings and the failure to adopt the suggested claim, or to appeal therefrom, and added: "This interference is therefore finally determined adversely to Sutton, Steele, and Steele." Upon return to the Primary Examiner, he rejected the claim of Sutton and Steele which corresponded to the issue of said proceeding, because of the judgment of priority to Wentworth, and the claim was canceled. Sutton and Steele amended by adding the claim that had been suggested in the decision of the Examiners in Chief. He allowed the claim and suggested it to Wentworth, who also added it, and the present interference was declared with that as the issue. Responding to a notice to show cause why judgment should not be entered against him on the record, Wentworth moved to dissolve on several grounds, the chief of which was that his opponents were precluded from making the claim by reason of the former adjudication of priority in his favor. The Examiner of Interferences sustained the view of Wentworth and awarded him priority. The Examiners in Chief

reversed him and awarded priority to Sutton, Steele, and Steele. The Commissioner reversed them and made the final award to Wentworth.

*Mr. A. S. Pattison* for the appellants.

*Messrs. Roberts, Roberts, & Cushman, Messrs. Meyers, Cushman, & Rea,* and *Mr. Odin Roberts* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The several tribunals of the office have discussed the application of the doctrine of *res judicata* in opinions which indicate research and display strong reasoning power. The views of the Examiners in Chief, which sustain the contention of the appellants, have been presented with much ability. They leave nothing to be said upon that side. We are, however, not satisfied with their conclusion. The decision of the Commissioner is, in our opinion, sustained by our former decisions. See *Blackford* v. *Wilder,* 28 App. D. C. 535, 543; *Horine* v. *Wende,* 29 App. D. C. 415, 426; *Carroll* v. *Hallwood,* 31 App. D. C. 165; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464. The principle of *res judicata* is fully discussed in those cases in application to similar conditions, and its limitations pointed out.

There is no occasion to add anything to the discussion.

The decision is affirmed; and the clerk will certify this decision to the Commissioner of Patents as the law requires.

*Affirmed.*